Fotini Karamboulis, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel: (973) 656-1600
Fax: (973) 656-1611
fotini.karamboulis@ogletree.com
*Attorneys for Defendant,*
*Pamela Barnhill*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORPORATE INCENTIVES, INC., | Civ. Action No: 3:20-cv-13471-FLW-LHG |
| Plaintiff | *Civil Action* |
| vs. | **DEFENDANT BARNHILL'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| UNIFIED SAFE GUARD, LLC, PAMELA BARNHILL, and DAVID GRIFFIN, | |
| Defendants. | |

This Memorandum of Law is submitted in support of Defendant Pamela Barnhill's

("Mrs. Barnhill") Motion to Set Aside the Clerk's default entry against her personally.

## I.    INTRODUCTION

A decision to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c) and a

default judgment pursuant to Fed.R.Civ.P. 60(b) is left primarily to the discretion of the

district court. *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3rd Cir. 1984). The

Third Circuit, however, does not favor the entry of defaults and it requires doubtful cases to

be resolved in favor of the party moving to set aside the default judgment "so that cases

may be decided on their merits." *Id*. The district court is required to consider the following factors in exercising its discretion in granting or denying a motion to set aside a default: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *Id*. As more fully discussed below, Mrs. Barnhill meets each of the above three factors.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant Unified Safe Guard, LLC ("USG") and Plaintiff entered in a contract in which USG agreed to supply Plaintiff with personal protective equipment (PPE). Plaintiff paid USG, who, in turn, paid its manufacturer. USG's manufacturer failed to produce the PPE and refused to return the funds back to USG. USG, in turn, was unable to refund Plaintiff the money that Plaintiff had paid USG. Defendants Pamela Barnhill ("Mrs. Barnhill") and David Griffin ("Mr. Griffin") were, at all relevant times, USG's principals.

Plaintiff filed this lawsuit alleging breach of contract, conversion, consumer fraud, and statutory violations of New Jersey's Commercial Code. The only claim asserted against Mrs. Barnhill individually, however, is the claim for consumer fraud under New Jersey's Consumer Fraud Statute. That is the only claim that Mrs. Barnhill will be defending in this action.

The Purchase Order for the PPE between Plaintiff and USG expressly incorporated the "Terms and Conditions" that USG displays on its website. The Purchase Order states

2

that "[b]y placing an order, Requisitioner agrees to be bound by the "Terms and Conditions." The Terms and Conditions includes a Choice of Law provision that provides *Arizona* law shall govern any dispute arising from the Purchase Order.

Plaintiff served its Summons and Complaint on Mrs. Barnhill via alternative means of service (mail and e-mail). Default was entered by the Clerk of the Court on March 12, 2021. Mrs. Barnhill retained undersigned counsel and filed a Notice of Appearance on March 17, 2021 and her Answer on April 2, 2021.

## II.    LEGAL ARGUMENT

### A.    Setting aside the entry of default will not prejudice Plaintiff.

Setting aside the Clerk's entry of default will not prejudice Plaintiff. Undersigned counsel first filed its appearance in this case *five days* after the entry of default was entered. Thus, the length of time did not spoil documents, dim witnesses's memories, or make Plaintiff's ability to prosecute its case against Mrs. Barnhill more difficult in any meaningful way. Furthermore, Plaintiff is still free to pursue default judgment against the other two Defendants, USG and Mr. Griffin. Accordingly, Plaintiff is not prejudiced if the Clerk's entry of default against Mrs. Barnhill is set aside.

### B.    Mrs. Barnhill has a meritorious defense.

The showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established at trial, would constitute a complete defense to the

3

action." <u>*Tozer v. Charles A. Krause Milling Co.,*</u> 189 F.2d 242, 244 (3rd Cir. 1951).  Here,

Mrs. Barnhill asserts that Plaintiff cannot bring a claim under the New Jersey's Consumer

Fraud Statute because Arizona law governs any dispute between the parties. Accordingly,

Mrs. Barnhill cannot be liable to Plaintiff under New Jersey's Consumer Fraud Act.

Furthermore, Arizona law does not allow the principal of a limited liability company to be

personally liable for a company's fraud except under extreme circumstances. Here, Mrs.

Barnhill is prepared to establish a defense proving that (1) she had no knowledge that

USG's manufacturer would not manufacture the necessary PPE, (2) that USG's

manufacturer would not return the funds that USG had paid it to manufacture the PPE, and

(3) that she received no personal benefit from the above transaction. Accordingly, while

Plaintiff is free to pursue its other claims against USG, it has no claim against Mrs. Barnhill

personally under New Jersey's (or Arizona's) Consumer Fraud statutes.

For this reason, the Court should set aside the Clerk's entry of default and allow Mrs.

Barnhill to defend the case against her on its merits.

C.    **<u>Mrs. Barnhill's good-faith misunderstanding, not culpable conduct, resulted in her missing the responsive pleading deadline.</u>**

Mrs. Barnhill has recently resigned from USG and conveyed all of her membership

interests in USG to Mr. Griffin. She currently has no ownership interest in USG. It was

Mrs. Barnhill's understanding that she would be indemnified by USG and its counsel, but

upon learning that USG did not plan to dispute the entry of default, she retained

4

7606117v1(69138.2)

undersigned counsel in order to defend herself personally in this action. Accordingly, due to the confusion over who would be defending her, she did not retain undersigned counsel until it was clear that she needed to protect her personal interests.

## III.   CONCLUSION

Mrs. Barnhill moves the Court to set aside the entry of default and allow her to defend the consumer fraud claim against her on its merits. Her motion is supported by the Third Circuit's precedent, including that Plaintiff will not be prejudiced, she has a meritorious defense, and her reason for missing the responsive pleading deadline constituted excusable neglect.

By:  *s/Fotini Karamboulis*

Fotini Karamboulis, Esq.
**OGLETREE, DEAKINS,
NASH, SMOAK & STEWART,
P.C.** 10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (970) 656-1600
Facsimile: (973) 656-1611
fotini.karamboulis@ogletree.com
*Attorneys for Defendant
Pamela Barnhill*

5

7606117v1(69138.2)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that Defendant Pamela Barnhill's Memorandum of Law in Opposition to Plaintiff's Motion for Default Judgment and this Certificate of Service were electronically filed with this Court on this date, and thereby simultaneously served via ECF upon all counsel of record including the following:

Bruce Eric Baldinger, Esq.
The Law Office of Bruce E. Baldinger, LLC
365 South Street
Morristown, NJ 07960

I declare under penalty of perjury that the foregoing is true and correct.

By: *s/Fotini Karamboulis*

Fotini Karamboulis, Esq.
**OGLETREE, DEAKINS,
NASH, SMOAK & STEWART,
P.C.** 10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (970) 656-1600
Facsimile: (973) 656-1611
fotini.karamboulis@ogletree.com
*Attorneys for Defendant
Pamela Barnhill*

Dated: April 5, 2021

6