UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORPORATE INCENTIVES, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNIFIED SAFE GUARD, LLC, *et. al* : <br> : <br> Defendants. : <br> : | Civil Action No. 20-13471 (FLW) <br><br> **MEMORANDUM AND ORDER** |

**THIS MATTER** having been opened to the Court by Bruce E. Baldinger, Esq., counsel for Plaintiff Corporate Incentives, Inc. ("Plaintiff"), on a Motion for Default Judgement against Defendant Pamela Barnhill ("Defendant"); it appearing that default was entered by the Clerk of Court against Defendant on March 12, 2021 for Defendant's failure to defend this action, *see* ECF No. 13.; it appearing that on that same date, Plaintiff moved for default judgment; it appearing that on April 2, 2021, Defendant, through her counsel, Fontini Karamboulis, Esq., filed an Answer to Plaintiff's complaint, ECF No. 16, and on April 5, 2021, Defendant filed an opposition to Plaintiff's Motion for Default Judgment, ECF No. 18[1]; the Court, having reviewed the parties' submissions in connection with the motion, pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

(1) In order to obtain a default judgment pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court

---

[1] Defendant's opposition to the motion for default judgment was filed after the deadline for filing an opposition. In its reply brief, Plaintiff requests that this Court consider the motion for default judgment unopposed. *See* ECF No. 17, Pl. Reply Br. The Court denies Plaintiff's request and considers Defendant's opposition *nunc pro tunc*.

1

under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the Clerk has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.* Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x. 189, 190 (3d Cir. 2017). In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds,* 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

(2) Federal Rule of Civil Procedure 55 also provides that a court can set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). "In exercising that discretion and determining whether 'good cause' exists, [the Third Circuit] ha[s] instructed district courts to consider the following factors: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct,'" the same factors it considers when assessing a motion for default judgment. *Doe v. Hesketh*, 828 F.3d

159, 75 (3d Cir. 2016) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). "This discretion is not without limits, however, and [the Third Circuit] ha[s] repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194–95 ("this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits.).

(3) Here, I find that all three factors weigh in favor of denying Plaintiff's motion for default judgment and lifting the Clerk's entry of default against Barnhill. First, I find that Defendant may have a meritorious defense to both Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") and breach of contract claims.[2] As an initial matter, in her Answer, Defendant asserts that this matter is governed by Arizona, not New Jersey, law, which may prevent Plaintiff from asserting claims under a New Jersey state statute, such as the NJCFA. *See* Answer, Affirmative Defenses, 1¶. Moreover, Defendant argues that Plaintiff has failed to state a claim for breach of contract because Defendant is not personally liable on Plaintiff's contract with Unified Safe Guard, and that Plaintiff will not be able to establish the factors warranting piercing the corporate veil under Arizona law. Def. Opp. at 3-5.

---

[2] Although Plaintiff's Complaint asserts breach of contract, conversion, and violations of the New Jersey Consumer Fraud Act ("NJCFA") and violations of the New Jersey Commercial Code, *see* Compl, Counts 1-4, Plaintiff only seeks default judgment on two counts: its breach of contract and NJCFA claims. *See* ECF No. 14, Pl. Br. at 4-6.

(4) Second, Plaintiff has not been prejudiced by Defendant's delay in filing an answer. Defendant was served on February 8, 2021, and Defendant appeared in the case on March 17, 2021, only five days after the Clerk entered default. Defendant's Answer was filed a two weeks days later on April 2, 2021. This short delay poses little likelihood of prejudice to Plaintiff, and does not, now, preclude Plaintiff from pursuing its claims. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982) (explaining that "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice"); *see Julaj v. Tau Assocs. LLC*, 2013 WL 4731751, at *4 (D.N.J. 2009) (vacating default judgment because "the inconvenience and expense to a plaintiff of having to litigate on the merits do not rise to the level of prejudice").

(5) Third, I do not find that Defendant's failure to respond was culpable. The standard for "culpable conduct" in this Circuit requires evidence of "willfulness" or "bad faith" on the part of the non-responding defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). "[T]he words 'willfulness' and "bad faith" are not "talismanic incantations which alone resolve the issue" but rather "are simply terms to guide the district court by expressing [the Third Circuit's] preference for avoiding default judgments where the circumstances do not justify such a result." *Id.* at 1182-183. A "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted). Here, Defendant filed an answer, albeit belatedly, and in her opposition briefing, Defendant asserts that her delay in responding was attributable to her confusion over who would be

representing her in this action. *See* ECF No. Def. Opp to Default Mot. 4-5. Specifically, Defendant explains that she recently resigned from Unified Safe Guard and assigned her ownership interest to her former business partner. *Id*. Defendant purportedly believed that Unified Safe Guard and its counsel would indemnify her on the present claims, but upon learning that they had not – and would not – be appearing in this matter, she retained counsel to protect her interests. *Id*. I find Defendant's explanation credible, and therefore, conclude that Defendant's delay was not sufficiently culpable to deny lifting default against Defendant. Thus, I find that all three factors weigh in favor of denying Plaintiff's motion for default judgement against Barnhill.

Accordingly, the Court having reviewed the submissions in connection with the Motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 21st day of May, 2021,

**ORDERED** Plaintiff's Motion for Default Judgement [ECF No. 14] against defendant Barnhill is **DENIED**; and it is further

**ORDERED** that the Clerk's Entry of Default against defendant Barnhill is vacated.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge
