UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CORPORATE INCENTIVES, INC.,

        Plaintiff,

    v.

UNIFIED SAFE GUARD, LLC, *et. al*

        Defendants.

Civil Action No. 20-13471

**ORDER AND JUDGMENT**

**THIS MATTER** having been opened to the Court by Bruce E. Baldinger, Esq., counsel for Plaintiff Corporate Incentives, Inc. ("Plaintiff") on a Motion for Default Judgement against Defendants Unified Safe Guard LLC ("Unified") and David Griffin ("Griffin") (collectively, "Defendants")[1]; it appearing that default was entered by the Clerk of the Court against Griffin on October 28, 2020, and against Unified on October 30, 2020, for Defendants' failure to defend this action, *see* ECF Nos. 5,6.; it appearing that on November 2, 2020, Plaintiff moved for default judgment; Defendants have failed to oppose or otherwise respond to this motion; the Court, having reviewed Plaintiff's submissions in connection with its motion, pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

(1)     In order to obtain a default judgment pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk has entered default, the non-defaulting party may move for default

---

[1] Plaintiff also seeks default against the third defendant in this action, Pamela Barnhill. *See* ECF No. 14. Mot. for Default Judgment as to Pamela Barnhill. That motion will be separately addressed by the Court.

1

judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.* Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x. 189, 190 (3d Cir. 2017)

(2) Here, all factors weigh in favor of granting default judgment against Defendants. First, Plaintiff has been prejudiced because Defendants failed to timely respond to the Complaint and Summons. *See Peterson v. Boyarsky Corp.*, No. 08-1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant]."). Second, the facts alleged in the Amended Complaint provide no indication of a meritorious defense. "Indeed, as some courts have noted, the [d]efendant's failure to answer makes it practically impossible for the Court 'to determine whether [the defendant has] a meritorious defense . . . .'" *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539 FLW, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (citation omitted). Third, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted). Here, since Defendants have not timely responded to any of the pleadings over the course of the litigation, the presumption of culpability applies.

*See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012).

(3) Based on the allegations contained in the Complaint, which this Court takes as true for the purposes of this motion, Plaintiff has adequately alleged a breach of contract claim against Unified.[2] To establish a breach of contract claim, a plaintiff must allege: (1) that the parties entered into a valid contract; (2) that the defendant failed to perform its obligations under the contract; and (3) that the plaintiff sustained damages as a result. *Sheet Metal Workers Int'l Assoc. Local Union No. 27 v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013); *Red Roof Franchising, LLC v. AA Hospitality Northshore, LLC*, 877 F. Supp. 2d 140, 149 (D.N.J. 2012) (quoting *Murphy v. Implicito,* 920 A.2d 678, 680 (N.J. App. Div. 2007)). Plaintiff alleges that it negotiated through Barnhill and Griffin, Unified's representatives, to purchase 60,000 boxes of gloves from Unified for a purchase price of $466,800.00. ECF No. 1, Compl. ¶¶7-12. Pursuant to the terms of the parties' contract, the product was to be delivered within 22 business days of the order and Plaintiff paid 50% of the purchase price at the time the order was placed and the remaining balance was to be paid upon shipment. *Id*. at ¶¶12-13; *see also* ECF No. 9, Default Judgment Motion, Ex. A. On July 3, 2020, Plaintiff was notified by Barnhill that the product was ready to be shipped and the remaining balance was due. Compl. at ¶13. Plaintiff paid the remaining sum on July 6, 2020, as required, but to date,

---

[2] Although Plaintiff's Complaint asserts breach of contract, conversion, and violations of the New Jersey Consumer Fraud Act ("NJCFA") and violations of the New Jersey Commercial Code, *see* Compl, Counts 1-4, Plaintiff only seeks default judgment on two counts: its breach of contract and NJCFA claims. *See* Pl. Br. at 4-6.

3

(4)  Plaintiff has not received the product. *Id*. at ¶16. Further, Plaintiff alleges that Barnhill and Griffin promised to refund Plaintiff's money and provided Plaintiff with purported proofs of wire transfers, but that bank statements were "either fictitious or [the] funds were never transferred for reasons unknown to [Plaintiff]." *Id*. at ¶20. Accordingly, Plaintiff has adequately alleged a breach of contract claim against Unified.

(4) Moreover, Plaintiff seeks a sum certain in the amount. As damages, Plaintiff seeks to recover the total amount paid for the goods, $466,800. *See* ECF No. 7-2, Certification of Eric Turiansky ("Turiansky Cert.") ¶¶13, 15. These sum-certain totals are supported by an affidavit from Eric Turianksy, Plaintiff's President in support of the motion for default explaining the contractual relationship between the parties, and proffering evidence, including the invoice from Unified. *See generally* Turianksy Cert.

(5) However, to the extent Plaintiff seeks to assert a breach of contract claim against Griffin, individually, or hold him personally liable on the contract, Plaintiff has not alleged any basis for finding personal liability against Griffin.[3] Although Griffin and Barnhill negotiated the contract at issue, they did so on behalf of Unified, a limited liability company ("LLC"), and as such, are generally, shielded from personal liability on the contract. *See Irwin Katz & Assoc., Inc., v. Concepts in Health, Inc.*, No. 13–1217, 2014 WL 6471486, at *14 (D.N.J. Nov. 19, 2014) ("[T]he mere fact that an individual executed a contract for the purpose of binding

---

[3] Neither Plaintiff's Complaint nor the briefing on this motion clearly indicate which counts are asserted against which defendants; presumably, Plaintiff asserts all claims against each defendant.

4

a corporation does not also render that individual liable.") (internal quotations and citation omitted); *see also* N.J. Stat. Ann §42:2C–30 (stating that the debts of an LLC are solely the obligation of the LLC and not the entity's members, managers or employees). The limited liability protection provided by an LLC may be abrogated under the doctrine of piercing the corporate veil, which applies "in cases of fraud, injustice, or the like." *State, Dep't of Env't Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983) "[T]he party seeking an exception to the fundamental principle that a corporation is a separate entity from its principal bears the burden of proving that the court should disregard the corporate entity." *Tung v. Briant Park Homes, Inc.*, 670 A.2d 1092, 1096 (N.J. App. Div. 1996). However, Plaintiff has not alleged any of the factors necessary to support a finding that piercing the corporate veil would be appropriate. *See North American Steel Connection, Inc. v. Watson Metal Products Corp.*, 515 F. App'x 176, 179 (3d Cir. 2013) (to pierce the veil in New Jersey a plaintiff must demonstrate (1) "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist" and (2) that "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice") (internal quotations and citations omitted). Accordingly, Plaintiff's motion for default judgement against Griffin on the breach of contract claim, and the request to hold him jointly and severally liable for the judgment is denied.

(6) Plaintiff's NJCFA claim is also unavailing. The NJCFA imposes liability on any person who uses "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment,

suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission." N.J. Stat. Ann. § 56:8–2. To state a claim under the NJCFA, a defendant must allege: (1) unlawful conduct by the plaintiff, which consists of affirmative acts, knowing omissions, and regulation violations; (2) an ascertainable loss; and (3) a causal connection between the unlawful conduct and the ascertainable loss. *See Payan v. GreenPoint Mortg. Funding, Inc.,* 681 F. Supp. 2d 564, 572 (D.N.J. 2010); *Cox v. Sears Roebuck & Co.,* 647 A.2d 454, 462 (N.J. 1994). Generally, breach of contract, alone, is insufficient to give rise to an NJCFA claim. *Hunt Const. Grp., Inc. v. Hun Sch. of Princeton*, No. 08-3550, 2009 WL 1312591, at *5 (D.N.J. May 11, 2009) (explaining that "under the NJCFA . . . neither a claim for breach of contract nor fraud in the fulfillment of the contract is actionable"); *Barry by Ross v. New Jersey State Highway Authority,* 585 A.2d 420, 424 (N.J. Super. Ct. Ch. Div. 1990) (explaining that "reasonable limits must be placed upon the operation of the Act in order that its enforcement will properly reflect legislative intent" and that the New Jersey Legislature did not intend for the NJCFA to apply to every breach of contract claim). Rather, in order for a party's failure to perform a contract to be actionable under the NJCFA, courts require the plaintiff to allege that "the promisor knew at the time the contract was formed that he did not intend to fulfill the promise." *See Barry*, 585 A.2d at 423–24; *Mullin v. Auto. Prot. Corp.*, 2008 WL 4509612, at *2–3 (D.N.J. Sept. 29, 2008) (requiring evidence that defendant "never intended to fulfill its obligations under the contract" for a breach of contract to constitute a fraudulent misrepresentation under the CFA).

(7) Here, Plaintiff alleges that "[t]hrough its representatives, Barnhill and Griffin,

6

Unified made promises in writing to deliver Nitrile gloves within 22 business days from the date of the acceptance of the purchase order. Such statements are affirmative representations under the CFA," and that when Plaintiff demanded a return of the funds it paid for the gloves, Defendants "refused to provide either the product or the funds. Such constitutes an unconscionable business practice under the CFA." Compl. ¶39, 41. In essence, Plaintiff alleges that Defendants failed to perform their obligations under the contract; however, that is insufficient to establish a claim under the NJCFA. *Barry,* 585 A.2d at 424 ("A failure to fulfill a promise may constitute a breach of contract, but it is not fraud and the nonperformance of that promise does not make it so."); *see also Billings v. Am. Exp. Co.*, No. 10-3487, 2011 WL 5599648, at *10 (D.N.J. Nov. 16, 2011) ("a breach of a contract does not alone violate the CFA and Plaintiff's allegation does not state a CFA claim by way of Plaintiff's addition of a legal conclusion that such conduct was 'unconscionable' within the meaning of the Act."). Plaintiff has not alleged any facts suggesting that Defendants entered the contract with the express intent of defrauding Plaintiff or that they never intended to fulfill their obligations. *Hunt Const. Grp., Inc.*, No. 08-3550, 2009 WL 1312591, at *5 (rejecting a claim that a party's failure to fully perform under a contract gave rise to an actionable affirmative misrepresentation under the NJCFA). Accordingly, Plaintiff's motion for default judgment with respect to the NJCFA claim against both Defendants is denied. Moreover, Plaintiff's request for treble damages and attorneys' fees under the statute is also denied. The Court finds it appropriate to award Plaintiff $466,800 – the amount paid for the goods -- and default judgment is entered against Unified

in that amount.

Accordingly, the Court having reviewed the submissions in connection with the Motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 21st day of May, 2021,

**ORDERED** that Plaintiff's Motion for Default Judgement [ECF No. 9] on Plaintiff's breach of contract claim against Unified is **GRANTED**; and it is further

**ORDERED AND ADJUDGED** that default judgement is entered against Unified, only, in the amount of $466,800.00; and it is

further

**ORDERED** that Plaintiff's Motion for Default Judgement is **DENIED** with respect to the breach of contract claim against Griffin and the NJCFA claim against both Defendants.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge