# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORPORATE INCENTIVES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNIFIED SAFE GUARD, LLC, PAMELA BARNHILL and DAVID GRIFFIN,<br><br>Defendants. | Civ. Action No. 20-13471 (FLW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court upon a Motion for Reconsideration by Bruce E. Baldinger, Esq., counsel for plaintiff Corporate Incentives, Inc. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i); it appearing that Plaintiff seeks reconsideration of the Court's May 21, 2021 Order (the "Default Judgment Order") granting in part and denying in part Plaintiff's Motion for Default Judgment against defendants Unified Safe Guard, LLC ("Unified Safeguard") and David Griffin ("Griffin") (collectively, "Defendants"); it appearing that the Court entered Judgment in Plaintiff's favor on Plaintiff's claim for breach of contract against defendant Unified Safeguard, denied Plaintiff's breach of contract claim against defendant Griffin, and denied Plaintiff's claim pursuant to the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8–2; the Court, having reviewed Plaintiff's submissions in connection with its motion, pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

1. Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1 govern motions for reconsideration. Pursuant to Local Civil Rule 7.1(i), a litigant moving for reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). Motions for

reconsideration are considered "extremely limited procedural vehicle[s]." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). Indeed, requests for reconsideration "are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

2.   There are three recognized bases for granting a motion to reconsider: (1) to accommodate "an intervening change in controlling law"; (2) to account for new evidence that was previously unavailable; or (3) "to correct a clear error of law or fact or to prevent manifest injustice." *See Blystone*, 664 F.3d at 415. "A court commits clear error of law only if the record cannot support the findings that led to the ruling." *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). (internal quotation marks and citations omitted). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010).

3.   "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citations omitted). Rather, a difference of opinion with a court's decision should be dealt with through the appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998). Ultimately, a court should only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J.

2001).

4.     Plaintiff's Complaint asserts claims for breach of contract and violation of the NJCFA. In the Default Judgment Order, I granted Judgment in Plaintiff's favor for breach of contract against Unified Safeguard, but I rejected Plaintiff's breach of contract claim against Griffin, as well as Plaintiff's NJCFA claim. ECF No. 21. With regard to the NJCFA claim, Plaintiff alleged that Defendants "made promises" to deliver certain latex gloves pursuant to the contract, which constitutes an "affirmative representation," and that Defendants engaged in "an unconscionable business practice under the [NJ]CFA" by requesting payment, but failing to deliver the goods or refund Plaintiff's payment. ECF No. 1 at 6; ECF No. 9-5 at 2-4, 7. In rejecting Plaintiff's NJCFA claim, I concluded that, "[i]n essence, Plaintiff alleges that Defendants failed to perform their obligations under the contract," which "is insufficient to establish a claim under the NJCFA." ECF No. 21 at 7. I also noted that "Plaintiff has not alleged any facts suggesting that Defendants entered the contract with the express intent of defrauding Plaintiff or that they never intended to fulfill their obligations." *Id.* For those reasons, I denied Plaintiff's Motion for Default Judgment with respect to its NJCFA claim.

5.     In its Motion for Reconsideration, Plaintiff asks that I reconsider, contending that the Default Judgment Order "may have overlooked certain elements of the pleadings related to the post-contracting conduct as well as decisions made under *N.J.S.A.* §56:8-2." ECF No. 22-1 at 5. More specifically, Plaintiff argues that the Default Judgment Order "[l]argely rel[ies] upon" the decision in *Barry by Ross v. New Jersey State Highway Authority,* 585 A.2d 420 (N.J. Super. Ch. Div. 1990), "that in order for a party's failure to perform a contract to be actionable under the NJCFA, a plaintiff must allege that 'the promisor knew at the time the contract was formed that he did not intend to fulfill the promise.'" *Id.* at 6

(citing *Barry*, 585 A.2d at 424). Plaintiff asserts that its NJCFA claim "do[es] not derive out of the acts occurring at the time of the contracting," but rather is "based upon the subsequent performance by Defendants which," Plaintiff argues, "the Court did not address in its Decision." *Id.* at 6. In that regard, Plaintiff cites to case law recognizing that the NJCFA creates liability "'not only [for] any unconscionable business practices relating to [an] initial sale or advertisement, but also to the subsequent performance'" of a contract. *Id.* at 7 (citing *49 Prospect Street Tenants Ass'n v. Sheva Gardens, Inc.*, 547 A.2d 1134, 1142 (N.J. Super. Ct. App. Div. 1988); *Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254, 266 (3rd Cir. 2007) ("The CFA covers fraud both in the initial sale (where the seller never intends to pay), and fraud in the subsequent performance (where the seller at some point elects not to fulfill its obligations).")). Finally, Plaintiff argues that, if the Court grants Plaintiff's Motion as to the NJCFA claim, the Court should also impose individual liability against Griffin and the third defendant in this case, Pamela Barnhill ("Barnhill"), pursuant to the NJCFA. *Id.* at 5.

6. To state a claim pursuant to the NJCFA, a plaintiff must allege: (1) unlawful conduct by the defendant, which may consist of affirmative acts, knowing omissions, and regulation violations; (2) an ascertainable loss; and (3) a causal connection between the unlawful conduct and the ascertainable loss. *See Payan v. GreenPoint Mortg. Funding, Inc.,* 681 F. Supp. 2d 564, 572 (D.N.J. 2010); *Cox v. Sears Roebuck & Co.,* 647 A.2d 454, 462 (N.J. 1994). Breach of contract, alone, does not qualify as unlawful conduct, and therefore, is not sufficient to state a claim under the NJCFA. *Hunt Const. Grp., Inc. v. Hun Sch. of Princeton*, Civ. No. 08-3550, 2009 WL 1312591, at *5 (D.N.J. May 11, 2009) (explaining that "under the NJCFA . . . neither a claim for breach of contract nor fraud in the fulfillment of the contract is actionable"); *see also Cox*, 647 A.2d at 462 (concluding that "breach of

contract[] is not per se unfair or unconscionable" under the NJCFA and that, "[b]ecause any breach of . . . contract is unfair to the non-breaching party, . . . substantial aggravating circumstances [must] be present in addition to the breach" in order to establish an "unconscionable business practice").

7.    Plaintiff's request for reconsideration fails. In the Default Judgment Order, I denied Plaintiff's NJCFA claim because I concluded that, "[i]n essence, Plaintiff alleges that Defendants failed to perform their obligations under the contract," which "is insufficient to establish a claim under the NJCFA." ECF No. 21 at 7. To support that conclusion, I relied on *Barry*'s holding that "[a] failure to fulfill a promise may constitute a breach of contract, but it is not fraud and the nonperformance of that promise does not make it so." *Id.* (citing 585 A.2d at 424). I also cited to *Hunt Construction Group, Inc. v. Hun School of Princeton*, which held that "under the NJCFA . . . neither a claim for breach of contract nor fraud in the fulfillment of the contract is actionable." No. 08-3550, 2009 WL 1312591, at *5 (D.N.J. May 11, 2009). Thus, contrary to Plaintiff's position, I rejected the NJCFA claim based on the fact that the mere non-performance of a promise is insufficient to state a claim under the NJCFA.

8.    Plaintiff argues that I inappropriately relied on *Barry* for the proposition that, to base an NJCFA claim on breach of contract, the plaintiff must allege facts showing that the promisor knew at the time the contract formed that he or she would not fulfill the promise. ECF No. 22 at 6. To support this argument, Plaintiff cites to precedents establishing that the NJCFA creates liability for unlawful conduct in the "subsequent performance" of a contract, and not merely in its formation. *Id.* at 6-7 (citing to *49 Prospect Street Tenants Ass'n*, 547 A.2d at 1142 (concluding that the NJCFA "relates not only to any unconscionable practices relating to the initial sale or advertisement, but also to . . .

subsequent performance"); *Weiss*, 482 F.3d at 266).

9.     However, neither *49 Prospect Street Tenants Association* nor *Weiss* contradict my conclusion in the Default Judgment Order. *49 Prospect Street Tenants Association* held that the plaintiff could establish NJCFA liability based on a landlord's actions in inducing its tenants to move out by creating uninhabitable living conditions, which occurred after the landlord-tenant relationship formed. 547 A.2d at 11426. Likewise, *Weiss* concluded that a plaintiff could establish NJCFA liability based upon an insurer's "fraudulent scheme to deny insur[ance] . . . benefits," and not merely upon misrepresentations in the initial sale of an insurance policy. 482 F.3d at 266. Neither of these decisions undermine the well-settled rule that the mere non-performance of a promise—even one issued after a contract forms—is insufficient to state a claim under the NJCFA.

10.    Many precedents beyond those cited in the Default Judgment Order support the conclusion I reached. For example, the Appellate Division observed recently—in adjudicating a NJCFA claim—that in "the analogous context of a common-law fraud claim, [the] Supreme Court [of New Jersey] has explained that 'to be actionable, fraud must relate to a present or pre-existing fact and cannot ordinarily be predicated on representations which involve things to be done in the future.'" *Jacobsen Diamond Center, LLC v. ADT Security Services, Inc.*, No. A-1578-14T1, 2016 WL 3766236, at *9 (N.J. Super. Ct. App. Div. July 15, 2016) (quoting *Anderson v. Modica*, 73 A.2d 49, 52-53 (N.J. 1950)). Thus, the court concluded, "if a party makes a promise, contracts to perform it, and then fails to do so, '[s]uch failure to perform is merely a breach of contract which may give rise to an action on the contract.'" *Id.* (quoting *Anderson*, 73 A.2d at 53). The court then cited to *Barry*'s application of this rule in the context of the NJCFA. *Id.* In that regard, *Jacobsen* further supports my conclusion that Defendants' mere failure to fulfill their promise to deliver the

gloves specified in the contract is not sufficient to state a claim pursuant to the NJCFA. *See also Bubbles N' Bows, LLC v. Fey Pub. Co.*, Civ. No. 06–5391, 2007 WL 2406980, at *9 (D.N.J. Aug. 20, 2007) (noting that "[t]he mere non-performance of a promise is not fraud" and that, "in the context of a fraud claim, a promise may constitute a misrepresentation only if the promisor knew at the time the promise was made that it could not or would not be fulfilled").

11.    Because Plaintiff simply alleged that Defendants promised to deliver the gloves specified in the parties' contract upon Plaintiff's payment and then failed to deliver those goods, Plaintiff did not state a claim pursuant to the NJCFA. None of the case law that Plaintiff asserts I "overlooked" contradicts my conclusion in the Default Judgment Order. And, because Plaintiff failed to allege conduct on behalf of any of the defendants that would violate the NJCFA, Plaintiff's request that the Court impose individual liability against Barnhill and Griffin pursuant to the NJCFA, fails, as well.

Accordingly, for the reasons set forth herein, and for good cause shown,

   **IT IS** on this 29th day of June, 2021,

   **ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.


/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge